UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 04-30046-MAP |
| ) | |
| vs. ) | |
| ) | |
| ALBERT INNARELLI, ET AL. ) | |
| ) | |
| Defendants. ) | |

### GOVERNMENT'S MOTION FOR DESIGNATION AS COMPLEX CASE

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby moves this Court to enter an Order pursuant to Title 18, United States Code, Section 3161(h)(8), finding that this case is a "complex case", and it is therefore "unreasonable to expect adequate preparation for pretrial proceedings or for trial . . . within the time limits established" by the Speedy Trial Act and the Local Rules. See 18 U.S.C. §3161(h)(8)(B)(ii); see also 18 U.S.C. §3161(h)(8)(B)(iv).

In support of this motion, the Government represents as follows:

1. The Indictment on September 2, 2004 was the result of a lengthy Grand Jury investigation;

2. Ten individuals have been charged;

1

3. The Indictment charges a conspiracy and sixty-two substantive counts;

4. The materials obtained by the Government are voluminous, and easily exceed thousands of pages of records. The Government estimates that there are approximately 200 loan files for review by defense counsel;

5. Defense counsel will find it necessary to obtain their own copy of the voluminous materials in order to conduct their review;

6. Pursuant to 18 U.S.C. §3161(h)(8)(B)(ii), as a result of the unusual and complex character of this case, the number of defendants, the nature of the charges and unique questions of fact and law, it has been "unreasonable to expect adequate preparation for pretrial proceedings [and] the trial itself within the time limits established" by the Speedy Trial Act; and,

7. Pursuant to Title 18, United States Code, Section 3161(h)(8)(A), the ends of justice served by not fixing a trial date within the time limits established by the Speedy Trial Act outweigh the best interest of the defendants and the public in a speedy trial.

WHEREFORE, the Government moves this Court for an Order designating this case a "complex case" pursuant to Section

3161(h)(8)(b)(ii). In the alternative, the Government moves this Court for a finding that failure to grant continuances and concomitant exclusion from the Speedy Trial Act in this case would deny the defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See*, 18 U.S.C. § 3161(h)(8)(b)(iv).

Respectfully submitted this 10th day of November, 2004.

                                      MICHAEL J. SULLIVAN
                                      UNITED STATES ATTORNEY

By: _____
                                      WILLIAM M. WELCH II
                                      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the attorneys listed below a copy of the foregoing document by mail:

Moira L. Buckley, Esq.
Shipman & Goodwin
One Constitutional Plaza
Hartford, CT  06103-1919

Vincent A. Bongiorni, Esq.
95 State Street
Springfield, MA  01103

Terry S. Nagel, Esq.
95 State Street
Springfield, MA  01103

Robert Santaniello, Jr., Esq.
Santaniello, Posnik & Basile
83 State Street
Springfield, MA  01103

Mark J. Albano, Esq.
Dalsey, Ferrara & Albano
73 State Street
Springfield, MA 01103

Steven W. Leary, Esq.
95 State Street
Springfield, MA  01103

Michael O. Jennings, Esq.
73 Chestnut Street
Springfield, MA  01105

William H. Kettlewell, Esq.
Dwyer & Collora
600 Atlantic Avenue
Boston, MA  02210

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01103

Daniel D. Kelly, Esq.
Robinson, Donovan, Madden &
  Barry
1500 Main Street
P.O. Box 15609
Springfield, MA  01103

_____
WILLIAM M. WELCH II
Assistant U.S. Attorney

4