UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,                    Crim. No. 04-30046-MAP

    v.

PASQUALE ROMEO, ET AL
    Defendants

DEFENDANT PASQUALE ROMEO'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COUNTS
OF THE SUPERSEDING INDICTMENT

Pursuant to Rules 7(c)(1) and 12(b)(3)(B) F.R.Crim.P., and the fifth and sixth amendments to the United States Constitution, the Defendant, Pasquale Romeo, respectfully moves this Honorable Court to dismiss Counts 1, 29, 30, 31, 34, 38, 42, 44, 45, 48, 49, 50, 59 and 66 against him, all as set forth in the accompanying Motion to Dismiss, asserting that the Superseding Indictment fails to inform the Defendant of the nature of the charges against him with sufficient specificity. Furthermore, Defendant asserts that the conduct alleged in Count 31 of the Superseding Indictment falls outside of the applicable statute of limitations as set forth in 18 U.S.C. § 3282. **It is acknowledged that the Motion to Dismiss and this Memorandum are substantially similar to those filed by Attorney Moira Buckley on behalf of defendant Innarelli and in most respects identical. They are being offered on behalf of defendant Romeo as such with Attorney Buckley's knowledge and assent.**

**I.     Factual Basis**

On September 2, 2004, the grand jury returned a 63 count indictment charging defendant Romeo with 8 counts of Wire Fraud in violation of 18 U.S.C. §§ 1343, 2, and

one count of Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h) and 1957. The indictment also contains a forfeiture allegation pursuant to 18 U.S.C. § 982. The indictment was unsealed on September 23, 2004.

On September 9, 2005, the grand jury returned a superseding indictment in this matter, which was unsealed on September 21, 2005. The superseding indictment contains three additional defendants (Lawrence Lynch, Kathryn Zepka, and Edgar Corona), six additional wire fraud counts, and 29 additional overt acts related to the conspiracy count. Defendant Romeo was charged with an additional 6 counts, which made the total against him 14. Each count of wire fraud relates to a separate property and separate sale of a property, which the indictment alleges the defendants essentially "flipped" in order to obtain money from various lending institutions. Additional facts will be discussed herein as they become relevant.

**II.    Legal Standard and Argument**

Pursuant to Rule 7(c)(1), F.R.Crim.P., an indictment must "be a plain, concise and definite written statement of the essential facts constituting the offense charged." United States v. Campbell Hardware, Inc., 470 F. Supp. 430, 433 (D. Mass. 1979). Generally, an indictment that tracks the language of the criminal statute defining the offense is sufficient in this regard. Campbell Hardware, Inc., 470 F. Supp. at 433 (citing Hamling v. United States, 418 U.S. 87, 117 (1974); 8, Moore's Federal Practice, P 7.04 at 7-15). Moreover, an indictment meets the sufficiency test if it contains the elements of the offense charged, informs the defendant of the nature of the charges against him in order that he might prepare an adequate defense and, is specific enough to preclude subsequent prosecutions for the same offense. Campbell Hardware, Inc., 470 F. Supp.

2

at 433 (citing Hagner v. United States, 285 U.S. 427, 431 (1932); United States v. Debrow, 346 U.S. 374, 377-8 (1953)).  However, an indictment should be specific enough to apprise the defendant of nature of the charges and to inform the court of the facts alleged. United States v. Serino, 835 F.2d 924, 929 (1st Cir. 1987).

### A. Counts 1, 29, 30, 31, 34, 38, 42, 44, 45, 48, 49, 50, 59 and 66 of the Superseding Indictment Should Be Dismissed For Failure to Inform the Defendant of the Nature of the Charges Against Him With Sufficient Specificity.

The Court should dismiss Counts 1, 29, 30, 31, 34, 38, 42, 44, 45, 48, 49, 50, 59 and 66 of the superseding indictment since these counts do not contain sufficient information upon which the Defendant can prepare his defense.  "A vital function of an indictment is to provide 'such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation.'" United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970).  The Sixth Amendment guarantees the right of an accused "to be informed of the nature and cause of the accusation[,]" and is basic to the proper functioning of our adversary system of justice.  Id.; see also United States v. Gia Le, et al., 310 F.Supp. 2d 763, 772 (E.D.Va. 2004) (an indictment that alleges each essential element of the offense may be deficient if it fails to provide a defendant with sufficient information to prepare a defense).

To prove wire fraud, the Government must allege and demonstrate (1) a scheme to defraud based on false pretenses; (2) the defendant's knowing and willing participation in the scheme with the intent to defraud; and (3) the use of wire communications in furtherance of that scheme.  United States v. Cheal, 389 F.3d 35, 41 (1st Cir. 2001) (citing United States v. Martin, 228 F.3d 1, 15 (1st Cir. 2000)).

3

In the case at bar, the superseding indictment contains an "Introduction" section that describes the following: the alleged role of each defendant, the general "scheme to defraud," the "objectives" of the scheme, and the general "methods and means" of the scheme. The alleged "methods and means" of the scheme "[include] but [are] not limited to" various activities listed in ¶¶ 17-22 of the superseding indictment. These paragraphs contain general descriptions, essentially a laundry list of means and methods by which the defendants allegedly perpetrated their "scheme to defraud"; however, nowhere in ¶¶ 17-22, or in the entire superseding indictment, did the grand jury assign *to each count*, a particular means or method by which the defendants allegedly defrauded the lenders in each count.

While the introduction section of the superseding indictment contains the proverbial kitchen sink, each count alleging wire fraud complains merely that the defendants fraudulently caused the lenders to wire funds into Mr. Innarelli's Iolta account, but contains no language specifying – with regard to each count – the actions that made up the fraudulent conduct. For example, Count One of the superseding indictment contains allegations that Mr. Innarelli, Mr. Bergdoll, and Mr. Romeo "fraudulently caused Avondale Funding Corporation to wire approximately $66,400.00 into Innarelli's IOLTA account for the sale of 28-30 Bay Street, Springfield, MA"; however the indictment does not identify the method and means allegedly employed by the defendants in perpetrating the fraud.

This lack of information prompts the following questions: Did the grand jury find probable cause that the defendants committed fraud with regard to Count One by generating false income information to artificially inflate the prospective buyer's income?

4

See Superseding Indictment, ¶ 20; Did the grand jury find probable cause that the defendants committed fraud with regard to Count One by generating false documentation making it appear as though the prospective buyer made a down payment, when in fact they had not, or, did the defendants create a fraudulent appraisal for 28-30 Bay Street? See ¶ 20; Did the grand jury determine that the defendants employed one, some, or all of these means and methods to perpetrate the alleged fraud?  Finally, did the grand jury determine that the defendants may have engaged in some other method or means of perpetrating fraud in relation to Count One, that is not identified in the indictment?  See Superseding Indictment at page 6 (*"The means and methods of the scheme to defraud included, but were not limited to..."*).

The superseding indictment is deficient because it provides insufficient information to identify **that conduct** which the grand jury deemed adequate to support the **individual wire fraud counts**; it places the Defendant at a material disadvantage in meeting the charges against him and leaves him to guess what "means and methods" identified in ¶¶ 17-22, and apparently means and methods not included in the indictment at all,  he allegedly undertook in order to commit fraud in each individual count.  See Tomasetta, 429 F.2d at 979.  **It is important to note that these offenses are not charged as a conspiracy.**

The remedy for an insufficient indictment such as the one at bar is dismissal.  "An insufficient indictment cannot be cured by a bill of particulars since substantial amendments to an indictment must be made by a grand jury. See United States v. Hughes, 2001 U.S. Dist. LEXIS 1009, *6, *7 (D.N.H. 2001) (Count One of indictment failed to include allegation as to all elements of offense, district court dismissed

5

indictment for failure to provide notice of the nature of each charge) (citing Russell v. United States, 369 U.S. 749, 770-771 (1962); United States v. Manzano, 842 F.2d 1, 2-3 (1st Cir. 1988); United States v. Tomasetta, 429 F.2d 978, 980 (1st Cir. 1970)).[1]

Indeed, the First Circuit Court of Appeals has held:

> The federal system views the grand jury as an important element of the criminal process. It, and it alone, is competent to charge an accused with a crime of this nature, as is most vividly illustrated by the rule barring substantive amendments to indictments without resubmission to the grand jury and the fact that a defective indictment is not cured by a bill of particulars.

Tomasetta, 429 F.2d at 980 (quoting Russell v. United States, 369 U.S. at 770-771)).

Based on the foregoing reasons, the Defendant respectfully requests that the Court dismiss Counts 1, 29, 30, 31, 34, 38, 42, 44, 45, 48, 49, 50, 59 and 66 of the superseding indictment.

### B. Count 31 of the Superseding Indictment Falls Outside of the Applicable Statute of Limitations and Must Be Dismissed.

Dismissal is warranted when a prosecution is barred by the statute of limitations. United States v. Machado, 2005 U.S. Dist. LEXIS 26255, *4  Pursuant to 18 U.S.C. § 3282 the statute of limitations for wire fraud requires that "the indictment is found or the information is instituted within five years next after such offense shall have been committed."  See United States v. Upton, 339 F.Supp. 2d 190, 193 (1st Cir. 2004).  The limitations period for wire fraud begins to run from the date of the wire communication. United States v. McGowan, 2004 U.S. Dist. LEXIS 7263, *5 (N.D.Ill. 2004) (citing United States v. Tadros, 310 F.3d 999, 1006 (7th Cir. 2002)). Each use of the wires constitutes a separate offense. Id.

---

[1] Similarly, a defective indictment cannot be saved by providing broad discovery.  Hughes, 2001 U.S. Dist. LEXIS 1009 at *7 (citing United States v. Walsh, 194 F.3d 37, 45 (2nd Cir.

18 U.S.C. § 3282 is modified by 18 U.S.C. § 3293(2), which establishes a ten year statute of limitations *if the offense affects a financial institution*. See United States v. Agne, 214 F.3d 47, 51 (1st Cir. 2000) (emphasis added).  The superseding indictment in the case at bar contains neither allegations that the "lending institutions" are financial institutions for purposes of § 3293(2), nor does it contain a claim that the alleged conduct *affected* a financial institution, therefore the five year statute of limitations correctly applies.

Neither § 3293, nor the fact that a superseding indictment *may* toll a statute of limitations salvages Count 31 of the superseding indictment in the case at bar:

> It is well settled that bringing an indictment tolls the statute of limitations on the charges set forth in that indictment. …[A] superseding indictment which supplants a timely-filed indictment, still pending, is itself to be regarded as timely vis-a-vis a given defendant so long as it neither materially broadens nor substantially amends the charges against the defendant.

(Internal citations omitted) United States v. O'Bryant, 998 F.2d 21, 23-24 (1st Cir. 1993).

In the case at bar, Count 31 of the superseding indictment alleges a wire fraud count that was not contained in the original indictment.  Specifically, the superseding indictment alleges that on June 12, 2000, defendants Bergdoll, Matos, Romeo, Sullivan, and Innarelli "fraudulently caused Alliance Funding to wire approximately $53,550.00 into Innarelli's IOLTA account for the sale of 51 Winthrop St."  Count 31 of the superseding indictment  alleges a new and distinct violation of the wire fraud statute and does not relate back to the original indictment.  Count 31 alleges that the fraudulent conduct occurred five years and approximately three months prior to the unsealing of the superseding indictment (September 21, 2005), consequently, prosecution of Count

---

1999)).

31 is barred by the five year statute of limitations and must be dismissed.  See <u>United States v. Machado</u>, 2005 U.S. Dist. LEXIS 26255 at *4.

### III.  Conclusion

Wherefore, the Defendant Romeo respectfully requests that the Court grant the relief sought herein, specifically that the Court dismiss those counts set forth in the Motion of defendant Romeo on the grounds articulated in subsection II.A. of this memorandum, and, that the Court dismiss Count 31 based on grounds articulated in subsection II.B. of this memorandum.

**DEFENDANT,
PASQUALE ROMEO**
By His Attorney

 /s/ Michael O. Jennings
Michael O. Jennings, Esq.
73 Chestnut Street
Springfield, MA  01103
(413) 737-7349
BBO # 251340

CERTIFICATE OF SERVICE
I, Michael O. Jennings, hereby certify that I served a copy of this document by forwarding same electronically to all parties of record on March 8, 2006.

 /s/ Michael O. Jennings
Michael O. Jennings, Esq.