UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-N-04-30046-MAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERT INNARELLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT INNARELLI AND ROMEO'S MOTIONS TO DISMISS

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendants Innarelli and Romeo's Motions to Dismiss.

**I. The Indictment Sufficiently Alleged Wire Fraud Because The Counts Tracked The Statutory Language And Alleged A Common Scheme To Defraud That Permit The Defendants To Allege Double Jeopardy.**

"Under the Federal Rules of Criminal Procedure, an indictment must provide `a plain, concise and definite written statement of the essential facts constituting the offense charged.'" United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002)(quoting Fed.R.Crim.P. 7(c)(1))). "The indictment should be specific enough to notify the defendant of the nature of the accusation against him and to apprise the court of the facts

1

alleged." <u>Id</u>. (citing <u>Russell v. United States</u>, 369 U.S. 749, 766-68 (1962)).  "Though there is no prescribed formula, "'[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself,' as long as those words set forth all the elements of the offense without any uncertainty or ambiguity.'" <u>Brown</u>, 295 F.3d at 154 (quoting <u>United States v. Serino</u>, 835 F.2d 924, 929 (1st Cir. 1987)(quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)). <u>See</u> <u>also</u> <u>United States v. Cianci</u>, 378 F.3d 71, 81 (1st Cir. 2004)(stating that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

The indictment in this case is more than sufficient.  First, each count contains the statutory elements of the wire fraud statute.  To prove wire fraud, the Government must show: (1) a scheme to defraud; (2) the defendant's knowing and willing participation in the scheme with intent to defraud; and (3) the use of a wire communication to further the scheme to defraud. <u>United States v. Cheal</u>, 389 F.3d 35, 41 (1st Cir. 2001); <u>United States v. Martin</u>, 228 F.3d 1, 15 (1st Cir. 2000).

The indictment alleged the following:

> defendants herein, having devised the above-
> described scheme and artifice to defraud and

2

> obtain money by means of false pretenses,
> representations, and promises, and material
> omissions, did cause the following lending
> institutions to transmit in interstate
> commerce by wire the following approximate
> amounts of loan proceeds for the purpose of
> executing, and attempting to execute, the
> said scheme and artifice to defraud.

See Superseding Indictment, pg. 8-9.  Therefore, consistent with

Rule 7(c) and the elements of the offense, the Superseding

Indictment alleged a scheme to defraud, a wire transmission, and

the defendant's participation in the scheme to defraud.   In

addition, as acknowledged by defendant Innarelli, the Superseding

Indictment described in great detail how the scheme to defraud

worked. See Superseding Indictment, pg. 6-8.

     The problem with defendant Innarelli and defendant Romeo's

argument is that there is no requirement that the indictment

allege in each particular count the specific false representation

or representations utilized to execute the scheme to defraud.

The crime covered by the wire fraud statute is the scheme to

defraud itself, not any individual false representation. See e.g.

United States v. Belk, 435 F.3d 817, 819 (7th Cir. 2006)(stating

that "[t]he crime covered by 1341 is the *scheme* to defraud, not

(just) the mailings that occur in the course of the scheme.")

(citations omitted).  Instead, it is sufficient that the

Government alleged a common scheme to defraud, that the

defendants used that common scheme to defraud, and that a wire

communication was sent in furtherance of that common scheme to

3

defraud in each count of the indictment.  The Superseding
Indictment does just that, and its charging language tracks the
statutory language and enables the defendants to prepare a
defense. See United States v. Creech, 408 F.3d 264, 269
(5th Cir. 2005)(holding that substantive mail fraud counts that
incorporate by reference fraud allegations made in conspiracy
count is sufficient). See also United States v. Smith, 230 F.3d
300, 305 (7th Cir. 2000)(holding that the indictment need not
"allege in detail the factual proof that will be relied on to
support the charges.").

Defendants Innarelli and Romeo claim that the Government's
failure to allege a specific misrepresentation in each count of
the indictment means that they cannot determine if the grand jury
found probable cause to believe that the defendants committed the
crime of wire fraud in each substantive count.  Of course, this
argument ignores the strong "presumption of regularity" that the
courts afford the grand jury and both initial and superseding
indictments. United States v. Flemmi, 245 F.3d 24, 28 (1st Cir.
2001).  "A defendant faces a heavy burden to overcome that
presumption when seeking dismissal of an indictment." United
States v. Exson, 328 F.3d 456, 459 (8th Cir. 2003).

"An indictment returned by a legally constituted and
unbiased grand jury, like an information drawn by the prosecutor,
if valid on its face, is enough to call for a trial of the charge

on the merits." <u>Costello v. United States</u>, 350 U.S. 359, 363
(1956).  "A court should not inquire into the sufficiency of the
evidence before the indicting grand jury, because the grand jury
proceeding is merely a preliminary phase and all constitutional
protections are afforded at trial." <u>United States v. Reyes-</u>
<u>Echevarria</u>, 345 F.3d 1, 5 (1st Cir. 2003).  "As we have explained
before, leaving indictments open to evidentiary challenges `would
[mean] that before trial on the merits a defendant could always
insist on a kind of preliminary trial to determine the competency
and adequacy of the evidence before the grand jury.'" <u>Id</u>.
(quoting <u>United States v. Maceo</u>, 873 F.2d 1, 3 (1st Cir. 1989).

    Where a defendant seeks the dismissal of an indictment prior
to conviction based upon non-constitutional error before the
grand jury, "dismissal of the indictment is appropriate only `if
it is established that the violation substantially influenced the
grand jury's decision to indict,' or if there is `grave doubt'
that the decision to indict was free from the substantial
influence of such violations.'" <u>Bank of Nova Scotia v. United</u>
<u>States</u>, 487 U.S. 250, 256 (1988)(quoting <u>United States v.</u>
<u>Mechanik</u>, 475 U.S. 66, 78 (1986)).  Dismissal of an indictment
for prosecutorial misconduct is an extraordinary remedy. <u>United</u>
<u>States v. Giorgi</u>, 840 F.2d 1022, 1030 (1st Cir. 1988).
1997)(citing  <u>Zafiro v. United States</u>, 506 U.S. 534, 540 (1993)).

    Defendants Innarelli and Romeo have produced no evidence to

overcome the strong presumption of regularity.  Their attack upon the indictment is mere conjecture and suspicion, neither of which suffice to meet their burden over overcoming the strong presumption of regularity.  Accordingly, the defendants' motions to dismiss should be denied.

## II.  The Superseding Indictment Did Not Impermissably Amend Or Broaden Count 31 Of The Initial Indictment.

"It is well settled that bringing an indictment tolls the statute of limitations on the charges set forth in that indictment." United States v. O'Bryant, 998 F.2d 21, 23-24 (1st Cir. 1993)(citations omitted).  "Although this court has not heretofore spoken directly to the subject, we hold today that a superseding indictment which supplants a timely-filed indictment, still pending, is itself to be regarded as timely vis-a-vis a given defendant so long as it neither materially broadens nor substantially amends the charges against the defendant." Id.

On September 2, 2004, the grand jury returned an indictment that charged Counts 30 and 31 as follows:

| 30 | 06/06/00 | BERGDOLL MATOS ROMEO INNARELLI | fraudulently caused Alliance Funding to wire approximately $66,750.00 into INNARELLI's IOLTA account for the sale of 32-34 Ozark Street, Springfield, MA |
|---|---|---|---|

| 31 | 06/12/00 | BERGDOLL MATOS ROMEO SULLIVAN INNARELLI | fraudulently caused Alliance Funding to wire approximately $53,550.00 into INNARELLI's IOLTA account for the sale of 32-34 Ozark Street, Springfield, MA |
|----|----------|------|------|

Realizing that Count 31 contained an error in its description of the physical address to which the wire fraud pertained, the grand jury returned a Superseding Indictment that corrected Count 31 as follows:

| 31 | 06/12/00 | BERGDOLL MATOS ROMEO SULLIVAN INNARELLI | fraudulently caused Alliance Funding to wire approximately $53,550.00 into INNARELLI's IOLTA account for the sale of 51 Winthrop Street, Springfield, MA |
|----|----------|------|------|

The Superseding Indictment correctly identified the address relating to the wire transfer of money.

Therefore, under O'Bryant, the Superseding Indictment did not materially broaden or amend the originally charged Count 31. It merely corrected an inaccurate address. The essential elements of Count 31 —— the scheme itself, the participants, and the wire -- remained identical. The Superseding Indictment merely addressed an inaccuracy in the physical description of the piece of property involved in Count 31. Since the physical address of a piece of property is certainly not an essential element of the crime of wire fraud, the Superseding Indictment did nothing to broaden or amend the originally charged Count 31

7

in any material way.  Accordingly, the defendants' Motions to Dismiss Count 31 should be denied.

**III. <u>Conclusion</u>**

Based upon the foregoing, the Government respectfully requests that the court deny defendant Innarelli and defendant Romeo's Motions to Dismiss.

Filed this  <u>24  </u>th day of March, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


<u> /s/ William M. Welch II           </u>
WILLIAM M. WELCH II
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden,  ss.                            Springfield, Massachusetts
                                         March 24, 2006


        I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by filing said
motion and providing electronic notice to:

Moira L. Buckley, Esq.              Steven W. Leary, Esq.
Shipman & Goodwin                   95 State Street
One Constitutional Plaza            Springfield, MA  01103
Hartford, CT  06103-1919

Vincent A. Bongiorni, Esq.          Michael O. Jennings, Esq.
95 State Street                     73 Chestnut Street
Springfield, MA  01103              Springfield, MA  01105

Maria Durant, Esq.                  Peter M. Murphy, Esq.
Dwyer & Collora                     101 State Street, Ste. 715
600 Atlantic Avenue                 Springfield, MA  01103
Boston, MA  02210

Robert Santaniello, Jr., Esq.       Jack St. Clair, Esq.
Santaniello & Santaniello           73 Chestnut Street
83 State Street                     Springfield, MA  01103
Springfield, MA  01103

Mark J. Albano, Esq.                Thomas A. Kokonowski, Esq.
Dalsey, Ferrara & Albano            21 Stockbridge Street
73 State Street                     Springfield, MA  01103
Springfield, MA 01103

Kevin G. Murphy, Esq.               Gary A. Ensor, Esq.
115 State Street                    34 Bridge Street
Springfield, MA  01103              South Hadley, MA  01075


                                 ___/s/ William M. Welch II_____
                                 WILLIAM M. WELCH II
                                 Assistant United States Attorney

9