UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    CRIM. NO. 04-30046-MAP

v.

PASQUALE ROMEO, ET AL
       Defendants

MOTION OF DEFENDANT PASQUALE ROMEO
TO CONTINUE

    The defendant herein requests that his sentencing date be continued to no sooner than January and that all dates relating to the preparation of the Pre Sentence Report that flow therefrom be adjusted accordingly. In support hereof the defendant sets forth the following.

1. On May 4, 2006 the defendant pled guilty to Counts 30s, 38s, 59s and 69s of the superceding indictment. The indictment alleged that the defendant engaged in criminal conduct regarding 96 separate pieces of property. The date for disposition was set for October 5, 2006.

2. On or about August 10, defendant's counsel received a copy of a 61 page "Probation Memorandum" from the government outlining to the probation office the government's version of the offense including defendant's alleged responsibility for relevant conduct and its version of how the guidelines should be calculated. In addition, an Attachment of 37 pages was appended to the memorandum representing details of 292 loans made from April 28, 1998 through May 2002, which the government alleges were fraudulent and for which the defendant should be held

responsible. The total loss the government recently alleged the defendant is responsible for is just under $20,000,000. That figure represents the total amount of the loans made on those recently revealed and referenced 292 properties.

3. The guidelines instruct that a defendant can be held responsible for relevant conduct if the government can show by at least a preponderance of the evidence that he participated in, aided and abetted in or somehow benefited from said alleged criminal conduct with which he has not been directly charged.

4. In order to defend against the government's broad and unsupported assertion that the defendant is responsible for all of the loss allegedly relating to the 292 properties, he must be allowed to conduct a factual review of all said property transactions for the purpose of responding to the government's position with regard to this additional relevant conduct.

5. In addition, the government is basing it arguments on information obtained from several co-venturers some of whom have been incredibly well rewarded by the government for their cooperation and some of whom have considerable and serious criminal records, have served substantial time in prison and are otherwise not worthy of belief. To the extent the court considers the information which they have provided and upon which the government is relying, the defendant must be afforded additional time to investigate these individuals, to move that the government provide him with all information helpful to the defendant regarding them, to disclose all

2

    Jenks Act material not previously provided and to otherwise make available any and all discovery about said individuals it would be required to provide if the defendant were going to trial.

6. Defendant asserts that the time requested to prepare a response to the government's recently detailed position and to prepare for an evidentiary hearing he will request thereon is reasonable and necessary to afford him a fair and adequate opportunity to defend against the government's assertions which if accepted could result in the imposition of a period of incarceration in excess of ten years.

                          THE DEFENDANT
                          By His Attorney

                          /s/ Michael O. Jennings
                          Michael O. Jennings, Esq.
                          73 Chestnut Street
                          Springfield, MA  01103
                          (413) 737-7349
                          BBO# 251340

## CERTIFICATE OF SERVICE

I, Michael O. Jennings, hereby certify that I served a copy of the foregoing motion on all parties of record on August 18, 2006.

                          /s/ Michael O. Jennings
                          Michael O. Jennings, Esq.